NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-5021, -5022, -5023

ALABAMA AIRCRAFT INDUSTRIES, INC. - BIRMINGHAM,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant,

and

THE BOEING COMPANY,

Defendant-Appellant.

Appeal from the United States Court of Federal Claims in 08-CV-470, Judge Charles F. Lettow.

ON MOTION

Before BRYSON, Circuit Judge.

## O R D E R

Alabama Aircraft Industries, Inc. - Birmingham moves to dismiss the United States's appeal to the extent that it challenges the United States Court of Federal Claims's January 28, 2009 entry of judgment awarding bid and proposal preparation costs. The United States opposes. Alabama Aircraft replies.

On September 30, 2008, the United States Court of Federal Claims issued an opinion and order enjoining the United States from awarding a contract to Boeing Company and directing the clerk of the court to enter final judgment with respect to the request for injunctive relief pursuant to RCFC 54(b). The court's opinion and order also

awarded Alabama Aircraft reasonable bid and proposal preparation costs and directed Alabama Aircraft to submit an accounting of such costs. On November 25, 2008, the United States filed a notice of appeal from the trial court's opinion and order and the Rule 54(b) judgment.

On January 28, 2009, the Court of Federal Claims entered an opinion and order judgment, inter alia, awarding Alabama Aircraft $1,003,288.23 in bid preparation and proposal costs. The Court of Federal Claims entered final judgment on January 29, 2009. It appears that the United States did not file a formal notice of appeal from the trial court's entry of judgment and did not amend its previous notice of appeal to reflect its intention of appealing the January 29, 2009 judgment. Instead, on February 18, 2009, the United States filed its initial brief with this court and addressed issues of injunctive relief and costs.

Alabama Aircraft moves to prevent the United States from seeking review of the issue of costs, contending that the United States failed to file a timely notice of appeal from the January 29, 2009 judgment. Although the United States failed to file a formal notice of appeal or amend its prior notice of appeal, an appellate brief may be construed as a notice of appeal if the appellate brief was filed within the time limits provided by the Federal Rules of Appellate Procedure (FRAP). Smith v. Barry, 502 U.S. 244, 248-49 (1992) (examining whether a pro se appellant's brief could constitute a notice of appeal). The Supreme Court explained in Smith that, even though the requirements of Rule 3 are jurisdictional, they are also liberally construed. Id. at 248.

For an appellate brief to be accepted as a notice of appeal, it must generally meet two requirements. First, the document must be a functional equivalent of a notice of appeal such that it satisfies the requirements of Rule 3(c)(1) of FRAP, including (1) specifying the party or parties taking the appeal; (2) designating the judgment, order, or part thereof being appealed; and (3) naming the court to which the appeal is taken. Int'l Rectifier Corp. v. IXYS Corp., 515 F.3d 1353, 1357 (Fed. Cir. 2008). Second, the document must be received within the time specified by Rule 4 of FRAP.

The United States's brief meets these requirements. The brief specifically names the parties, attaches the January 29, 2009 judgment, and names this court as the court to which the appeal is taken. In addition, the brief was filed well within the sixty-day appeal period from the January 29, 2009 judgment.

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss is denied.

FOR THE COURT

__JUL 0 1 2009__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  David R. Hazelton, Esq.
     Scott M. McCaleb, Esq.
     Douglas K. Mickle, Esq.
s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 1 2009

JAN HORBALY
CLERK